IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS C. SHRADER,**<br><br>Petitioner,<br><br>v.<br><br>**AUDREY GILL,**<br><br>Respondent. | 1:14-cv-01269 LJO MJS HC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE MOTION TO STAY**<br><br>**(Doc. 14)** |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On October 27, 2014, the undersigned denied the petition on the merits. On November 5, 2014, Petitioner filed a motion to stay the Court's order, or in the alternative, to reconsider the Court's motion. As the Court has already ruled on the merits of the petition, the Court shall construe the filing as a motion to alter or amend the judgment under Federal Rules of Civil Procedure § 59(e) or a motion for reconsideration pursuant to Rule 60(b).

A motion for reconsideration is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) if it is filed within the time limit set by Rule 59(e). United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992). Otherwise, it is treated as

a motion pursuant to Fed. R. Civ. P. 60(b) for relief from a judgment or order. <u>American Ironworks & Erectors Inc. v. North American Constr. Corp.</u>, 248 F.3d 892, 898-99 (9th Cir. 2001). A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

>Rule 60(b) of the Federal Rules of Civil Procedure provides:
>
>>On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>>
>>>(1) mistake, inadvertence, surprise, or excusable neglect;
>>>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>>(4) the judgment is void;
>>>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>>(6) any other reason that justifies relief.

Petitioner asserts that the ruling was improper because at the time of the order denying the case, the District Court Judge did not have jurisdiction as the parties had consented to Magistrate Judge jurisdiction. Petitioner relies on <u>Allen v. Meyer</u>, 755 F.3d 866, 868 (9th Cir. 2014), where the Ninth Circuit found that the Magistrate Judge's decision, made without consent of the parties, was invalid. <u>Id.</u> In this case, the opposite occurred. After the Magistrate Judge issued findings and a recommendation, the parties consented to Magistrate Judge jurisdiction. (<u>See</u> ECF Nos. 5, 7, 10.) However, the District Judge did not then reassign the matter to the Magistrate Judge for all purposes. Instead, he retained jurisdiction in himself and dismissed the petition. (ECF No. 12.) Although Magistrate Judges have limited jurisdiction under 28 U.S.C. § 636(c) and require consent of the parties to decide dispositive matters, <u>Allen</u>, 755 F.3d at 868, there is no such reciprocal limitation on the authority of a District Court judge.

Accordingly, Petitioner's arguments present no basis for the Court to reconsider its order or to issue a motion to stay. Even if there otherwise were such a basis,

Petitioner would not have shown prejudice. If the District Court Judge had referred the matter to the Magistrate Judge, the Magistrate Judge would have would been expected to dismiss the matter in accordance with his findings and recommendation to the District Court Judge.

Accordingly, Petitioner's motion for reconsideration (ECF No. 14.) is DENIED.

IT IS SO ORDERED.

Dated: **December 22, 2014**         **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE